UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL C HARRISON, <br><br> Petitioner, <br><br> v. <br><br> SHERIFF, <br><br> Respondent. | CAUSE NO.: 3:18-CV-1000-RLM-MGG |

OPINION AND ORDER

Daniel C. Harrison, a prisoner without a lawyer, filed a habeas corpus petition attempting to halt the prosecution against him in Cause No. 71D02-1810-F5-206, pending in the St. Joseph Superior Court. ECF 1. Mr. Harrison complains that he was charged with a crime even though there is no evidence of his guilt. He asks to be immediately released from custody. According to the online state court docket, charges were filed on October 11, 2018, and trial is scheduled to commence on March 27, 2019. https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VU b2tlbiI6IlpHWTNNamN4T1RFek1qRXdPak16TnpVeU9UXpNalk9In19 (last visited January 23, 2019).

Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts in limited circumstances. 28 U.S.C. § 2241(c)(3); Walker v. O'Brien, 217 F.3d 626, 633 (7th Cir 2000). "Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly." Blanck v. Waukesha County, 48 F.Supp.2d 859, 860

(E.D. Wis. 1999) (citing Neville v. Cavanaugh, 611 F.2d 673, 675 (7th Cir. 1979)). An exception is made for claims that would become moot if not addressed by the federal court prior to a state conviction. Sweeney v. Bartow, 612 F.3d 571, 573 (7th Cir. 2010). Two recognized exceptions are speedy trial and double jeopardy claims. *Id.* And, even if one of these claims is presented in a section 2241 petition, pretrial detainees must first exhaust those claims through available state court proceedings before they can be decided by a federal court. United States v. Castor, 937 F.2d 293, 296 (7th Cir. 1991); *see also* Gonzalez v. O'Connell, 355 F.3d 1010, 1015-1016 (7th Cir. 2004) (noting that the judicially-created, common-law exhaustion applies).

Mr. Harrison hasn't raised a speedy trial or double jeopardy claim. His overarching argument is that he is innocent of the charged offense and that he was arrested without probable cause. This isn't the type of claim that would become moot if not addressed before a state conviction. To the contrary, these issues are commonly litigated in state criminal proceedings and remain viable through appeal. And there's another problem here. Mr. Harrison does not provide any indication that he has exhausted his available state remedies. Olsson v. Curran, 328 Fed. Appx. 334, 335 (7th Cir. 2009) (holding dismissal to be appropriate where petitioner had not exhausted his state court remedies); Tran v. Bartow, 210 Fed. Appx. 538, 540 (7th Cir. 2006) (holding that section 2241 petition was properly dismissed for failure to exhaust where the petitioner could have, but did not, present his claims to the Wisconsin courts by obtaining a ruling on his motion to dismiss and then seeking a discretionary appeal).

So, because Mr. Harrison doesn't raise the type of claim to warrant enjoining the state court proceedings and because the face of the petition reveals that he hasn't exhausted his available state court remedies, the court won't grant him habeas corpus relief. To do so would disrupt the ongoing state criminal proceedings and principles of comity. The Indiana courts, not the federal courts, should have the first the opportunity to adjudicate Mr. Harrison's claims. This dismissal will be without prejudice to Mr. Harrison's right to file a new petition for writ of habeas corpus raising these claims after he has exhausted his state court remedies.

For these reasons, this petition is DISMISSED without prejudice.

SO ORDERED on January 23, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT